IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THE BROWARD COALITION OF
CONDOMINIUMS, HOMEOWNERS
ASSOCIATIONS AND COMMUNITY
ORGANIZATIONS INC., CHARLOTTE
GREENBARG, UNIVERSITY OF FLORIDA
COLLEGE LIBERTARIANS, NEAL CONNER,
NATIONAL TAXPAYERS UNION,
NATIONAL TAXPAYERS UNION FOUNDATION,
and DUANE PARDE,

        Plaintiffs,

v.    CASE NO.: 4:08cv445-SPM/WCS

KURT S. BROWNING, in his official
capacity as Florida Secretary of State,
JORGE L. CRUZ-BUSTILLO,
in his official capacity as Chair of the
Florida Elections Commission; and
DONALD W. RHODES, KAREN H.
UNGER, JOSE LUIS RODRIGUEZ,
THOMAS E. ROSSIN, GREGORY KING,
JULIE B. KANE, BELERIA F. FLOYD, and
WILLIAM H. HOLLIMON, in his official
capacities as members of the
Florida Elections Commission,

        Defendants.
_____/

**ORDER GRANTING DEFENDANTS'
EMERGENCY MOTION FOR CLARIFICATION**

        This cause comes before this court upon Defendants' Motion for

Clarification (doc. 33) of this Court's Order Granting Plaintiffs' Motion for

Preliminary Injunction dated October 29, 2008 (doc. 32). The court believes that its original order was clear and unambiguous. However, in order to ensure that the Defendants more clearly understand the directives of this Court and the legal and constitutional parameters of their regulatory power, this Court will offer this clarification.

Defendants shall only regulate electioneering communications that are either express advocacy or the function equivalent of express advocacy. Express advocacy consists of communications that in express terms advocate the election or defeat of a clearly identified candidate for federal office. The functional equivalent of express advocacy consists of communication that has *no other* reasonable interpretation than as an appeal to vote for or against a specific candidate.

The Supreme Court's explanation of the functional equivalent of express advocacy does not allow for "express advocacy made about ballot issues." The Supreme Court's guidance on the functional equivalent of express advocacy is confined to communication that advocates for a candidate. Therefore, to the extent that a communication only addresses a ballot issue and does not, through that ballot issue, advocate a listener, reader, or hearer to vote for a particular candidate, then that communication is issue advocacy and it constitutes protected political speech that cannot be regulated.

2

Additionally, footnote 3 on page 8 of this Court's Order (doc. 32) shall be amended as follows: "Thus, it does not fit into the newsletter exception discussed above." Footnote 2 on page 6 is amended to read: "Both parties agree with this reading of the statute."

DONE AND ORDERED this <u>second</u> day of November, 2008.

<u>*s/ Stephan P. Mickle*</u>
Stephan P. Mickle
United States District Judge